(SPACE BELOW FOR FILING STAMP ONLY)

Stephanie L. Quinn (SBN 216655)
Collin S. McCarthy (SBN 305489)
QUINN • COVARRUBIAS
2220 Douglas Boulevard, Suite 240
Roseville, CA 95661
T: (916) 400-2300
F: (916) 400-2311
squinn@quinncova.com
cmccarthy@quinncova.com
eservice@quinncova.com

Attorneys for Defendants
NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK,
UNION PACIFIC RAILROAD COMPANY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARY GLENN POOLE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK), A DISTRICT OF COLUMBIA CORPORATION; COUNTY OF SHASTA, A PUBLIC ENTITY; UNION PACIFIC RAILROAD COMPANY, A DELAWARE CORPORATION; UNION PACIFIC CORPORATION, A UTAH CORPORATION; JONATHAN STASKA INDIVIDUALLY AND IN HIS OFFICIAL AND REPRESENTATIVE CAPACITIES FOR NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK), A DISTRICT OF COLUMBIA CORPORATION; AND DOES 1 THROUGH 10,<br><br>Defendants. | Case No.: 2:26-CV-00415-TLN-DMC<br><br>**STIPULATED PROTECTIVE ORDER RE: LOCOMOTIVE VIDEO**<br><br><br>Complaint Filed: January 6, 2026<br>Trial Date: NONE SET |

## STIPULATION FOR PROTECTIVE ORDER

Plaintiff CARY GLENN POOLE and Defendants NATIONAL RAILROAD PASSENGER CORPORATION DBA AMTRAK ("Amtrak") and UNION PACIFIC RAILROAD COMPANY ("Union Pacific"), collectively referred to herein as the "Parties," by and through their respective

1

STIPULATED PROTECTIVE ORDER RE: LOCOMOTIVE VIDEO

attorneys of record, hereby stipulate to the entry of a Protective Order concerning the disclosure of the on-board video recording from the Amtrak locomotive involved in the incident at issue in this case ("SUBJECT VIDEO").

**THERFORE, IT IS HEREBY STIPULATED** by and between the Parties that a Protective Order should be issued by the Court as follows:

A. **Handling & Designation of Covered Material**

1. This Protective Order shall govern the handling of the SUBJECT VIDEO produced, disclosed, or given during discovery or otherwise filed in this action.

2. The SUBJECT VIDEO shall be produced in its original format and access to such documents shall be limited as set forth below.

3. Except upon prior written consent of the party asserting CONFIDENTIAL treatment or upon further order of a court of competent jurisdiction, the SUBJECT VIDEO shall be held in strict confidence and shall be used solely for the purposes of prosecution or defense of this litigation. Access to SUBJECT VIDEO shall be limited to:

(a) the Court, including any Court personnel assisting the Court, stenographers or other persons involved in taking or transcribing court or deposition testimony in this action, and members of the jury;

(b) the Parties, attorneys representing the Parties, and paralegal, clerical, and secretarial employees of such attorneys;

(c) the officers, directors, agents, or employees of the Parties participating in the prosecution, defense, settlement, or other disposition of this action;

(d) mediators, consultants, experts or litigation support services retained by a party for the purpose of assisting that party in this action provided that the disclosing party determines in good faith that the disclosure is necessary for the prosecution or defense of this action, and provided any such persons agree in writing to abide and be bound by the terms of this Order by completing and signing the form attached as **Exhibit A**;

QUINN • COVARRUBIAS

STIPULATED PROTECTIVE ORDER RE: LOCOMOTIVE VIDEO

(e) potential witnesses provided that the disclosing party determines in good faith that the disclosure is necessary for the prosecution or defense of this action, and provided such any persons agree in writing to abide and be bound by the terms of this Order by completing and signing the form attached as **Exhibit A**;

(f) any person who is an author, addressee, or recipient of, or who previously had access to, the SUBJECT VIDEO and information;

(g) deposition witnesses who agree in writing to abide by and be bound by the terms of this Order by completing and signing the form attached hereto as **Exhibit A**; and

(i) any other person designated by the Court.

4.    <u>Inadvertent Disclosure</u>. If any party inadvertently produces or discloses any confidential material (i.e., the SUBJECT VIDEO) without first marking it as "CONFIDENTIAL", that party may give notice to the receiving party or parties that the information should be treated as CONFIDENTIAL in accordance with the terms of this Order and shall forward appropriately stamped copies of the items in question or otherwise follow the procedures in this Order for designating such information as CONFIDENTIAL. Within five (5) days of the receipt of substitute copies, and upon request, the receiving party (at the expense of the party that inadvertently produced the CONFIDENTIAL information) shall return the previously unmarked items and all copies thereof. Inadvertent disclosure shall not be deemed a waiver of confidentiality.

5.    Nothing herein shall prohibit a party from seeking an order that any portions of the SUBJECT VIDEO is/are not CONFIDENTIAL. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made and the reasons therefor. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file a motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is filed within thirty (30) days after the time written notice is first received objecting to the designation, the disputed

STIPULATED PROTECTIVE ORDER RE: LOCOMOTIVE VIDEO

information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the Designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

6.      If the SUBJECT VIDEO is used in depositions in this matter, those exhibits containing said SUBJECT VIDEO shall be marked as CONFIDENTIAL exhibits. Oral testimony relating to the SUBJECT VIDEO is not subject to confidentiality.

7.      If any party files the SUBJECT VIDEO as an exhibit to a pleading or utilizes it in a hearing before the Court, such exhibit shall be filed separately under seal and designated as CONFIDENTIAL in accordance with the procedures outlined herein.

8.      No party shall, for itself or for any other person(s), make more copies of the SUBJECT VIDEO than is reasonably necessary for this litigation.

9.      Within thirty (30) business days following any final settlement or the running of any applicable time to appeal the final order entered in this litigation, all parties shall either (i) return to the person who produced such materials all copies of the SUBJECT VIDEO obtained in this action or (ii) certify to that person that the SUBJECT VIDEO has been destroyed, except that counsel for each party may retain in its files one copy of each pleading, brief or document filed with the Court, and deposition and trial transcripts and exhibits thereto, and correspondence, subject to the provisions of this Protective Order. Copies of the SUBJECT VIDEO that have been filed with the Court may be returned to the filing party by the Clerk of the Court or destroyed.

10.     If any party has obtained the SUBJECT VIDEO under the terms of this Order and receives a subpoena or other compulsory process from a non-party commanding the production of such SUBJECT VIDEO such party shall use reasonable efforts to promptly notify the party that the SUBJECT VIDEO be designated "CONFIDENTIAL," which includes but is not limited to, providing written notice to the last known attorney representing the designating party. The party that designated

STIPULATED PROTECTIVE ORDER RE: LOCOMOTIVE VIDEO

the SUBJECT VIDEO shall have thirty (30) days from the date of receipt of the written notice or until the time for a response to the subpoena or other compulsory process is required, whichever occurs first, to file and serve a motion to quash the subpoena. If such a motion is filed and served, no CONFIDENTIAL information may be shared until a ruling is entered by the court permitting such disclosure. If any party discloses the SUBJECT VIDEO to any person other than in a manner authorized by this Order, that party shall promptly inform the party about the disclosure, and shall endeavor in good faith to retrieve said SUBJECT VIDEO and prevent its further disclosure.

11.     By joint agreement, the Parties, through their counsel, may agree to the disclosure of the SUBJECT VIDEO in a particular circumstance without prejudice to the continued application of this Protective Order.

12.     This Order shall not affect the right of any party or non-party to oppose production of documents or other information on any ground permitted by the Court Rules or otherwise provided by law, including any applicable privilege. Moreover, this Order shall not affect the scope of discovery by any party under the Court Rules or the admissibility of any evidence in this action.

13.     Any party may use the SUBJECT VIDEO given, disclosed, or produced by another party and designated as CONFIDENTIAL for the prosecution or defense of the claims in this action so long as that party complies with this Order.

**B.  Modification**

14.     This Protective Order may be modified only by Order of the Court.

**C.  Duration & Termination**

15.     All provisions of this Order shall continue to be binding after the conclusion of this action unless subsequently modified by agreement between the parties or order of the Court and the Court shall retain jurisdiction of this matter for the purpose of enforcing this Order.

//

//

//

//

//

STIPULATED PROTECTIVE ORDER RE: LOCOMOTIVE VIDEO

16.     This Protective Order shall remain in force and effect after the termination of this litigation until canceled or otherwise modified by Order of this Court.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**


DATED: June 15, 2026                    QUINN • COVARRUBIAS


By: _/s/ Collin S. McCarthy_____
     STEPHANIE L. QUINN
     COLLIN S. MCCARTHY
     Attorneys for Defendants
     NATIONAL RAILROAD PASSENGER
     CORPORATION dba AMTRAK and
     UNION PACIFIC RAILROAD COMPANY


DATED: June 15, 2026                    SIMAN LAW FIRM


By: _/s/ Afshin Siman_____
     Afshin Siman, Esq.
     Attorney for Plaintiff
     CARY GLENN POOLE

STIPULATED PROTECTIVE ORDER RE: LOCOMOTIVE VIDEO

**EXHIBIT A**

**CERTIFICATION RE: PROTECTIVE ORDER FOR BNSF LOCOMOTIVE ONBOARD VIDEO SYSTEM RECORDING**

I hereby acknowledge that I, _____[NAME], _____[POSITION/EMPLOYER], will be receiving confidential material supplied in connection with the case Poole v. NRPC (Amtrak) US District Court, Eastern District of California; Case No. 2:26-CV-00415-TLN-DMC. I certify that I understand that the Amtrak locomotive on-board video system recording (the "SUBJECT VIDEO") is being provided to me subject to the terms and restrictions of the Stipulation and Protective Order on file with the Court for the case. I have been given a copy of the Stipulation and Protective Order and I have read it and agree to be bound by its terms.

I understand that the SUBJECT VIDEO shall not be disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for work performed on or relating to the case, the SUBJECT VIDEO obtained pursuant to the Stipulation and Protective Order except as provided therein or otherwise ordered by the Court.

I further understand that I am to retain all copies of the SUBJECT VIDEO in a secure manner, and that all copies of the SUBJECT VIDEO are to remain in my personal custody until termination of my participation in this matter, at which time any and all copies the SUBJECT VIDEO will be returned to counsel who provided it to me or be permanently deleted or destroyed.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed this _____ day of _____ at _____

Name (print): _____

Signature: _____

Address: _____

Telephone: _____

- 1 -

*Poole v. NRPC (Amtrak)*
US District Court, Eastern District of California; Case No. 2:26-CV-00415-TLN-DMC

## ORDER

Good cause appearing, the Stipulated Protective Order regarding the video recording from the on-board video system from the subject Amtrak locomotive is HEREBY ORDERED.

Dated:  June 15, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

- 1 -

PROOF OF SERVICE

*Poole v. NRPC (Amtrak)*
US District Court, Eastern District of California; Case No. 2:26-CV-00415-TLN-DMC

## DECLARATION OF SERVICE

I, Amanda Kam, declare as follows:

I am employed in the County of Placer, State of California; I am over the age of 18 years and not a party to this action; my business address is 2220 Douglas Boulevard, Suite 240, Roseville, CA 95661, in said County and State.  On June 15, 2026 I served:

## STIPULATED PROTECTIVE ORDER RE: LOCOMOTIVE VIDEO

on the following person(s) at the following address(es), in the manner indicated below:

## SEE ATTACHED SERVICE LIST

☐ **ONLY BY ELECTRONIC TRANSMISSION:** In compliance with C.C.P. §1010.6 and CRC 2.251 or pursuant to a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I served the documents by email on the persons indicated above, using the e-mail addresses shown.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(BY THE COURT'S CM/ECF SYSTEM)**
Pursuant to Local Rule, I electronically filed the document(s) with the Clerk of the Court using the CM/ECF System, which sent notification of that filing to the parties as registered.

I certify under penalty of perjury that the foregoing is true and correct, and this declaration of service was executed on June 15, 2026, at Roseville, California.

By: __/s/ Amanda Kam_____
　　　Amanda Kam, Paralegal

- 2 -

PROOF OF SERVICE

*Poole v. NRPC (Amtrak)*
US District Court, Eastern District of California; Case No. 2:26-CV-00415-TLN-DMC

## SERVICE LIST

Afshin Siman, Esq.
David Alan, J.D.
**SIMAN LAW FIRM**
6363 Wilshire Blvd., Ste. 118
Los Angeles, CA 90048
T: (424) 229-9778
F: (424) 389-7109
siman@simanlawfirm.com
davidalan@simanlawfirm.com
Attorneys for Plaintiff
CARY G. POOLE

- 3 -
PROOF OF SERVICE